

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-92,710-01 & 92,710-02

**EX PARTE DEMARCUSE LARON JACKSON , Applicant**

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 1302243-A & 1302127-A IN THE 232ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. KEEL, J.,  not participating.

### O R D E R

Applicant was convicted of aggravated assault against a public servant and aggravated assault with a deadly weapon and sentenced to ten  years' imprisonment on each cause.  The Applicant did not file a direct appeal.  Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he has been arrested on new charges and is being held on a parole pre-revocation or "blue" warrant although he has discharged these sentences.  Applicant has alleged facts that, if true, might entitle him to relief.  *Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004).  Accordingly, the record should be developed.  The trial court is the appropriate forum for

findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant is being held pursuant to a parole revocation warrant, and if so, the date upon which that warrant was issued and executed. The response shall state whether Applicant has been advised of his rights in the revocation process, whether he has requested or waived a preliminary hearing and whether he has been afforded a preliminary hearing. If Applicant is also being held on new charges, the response shall state whether Applicant has been indicted on those charges, and if so, when the indictment was returned. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: June 16, 2021
Do not publish